**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

DWAYNE L. CUMMINGS,

Petitioner, : Case No. 2:25-cv-1530

- vs - District Judge Douglas R. Cole
Magistrate Judge Michael R. Merz

WARDEN,
Pickaway Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dwayne Cummings, is before the Magistrate Judge for a report and recommendations. Relevant pleadings are the Petition (ECF No. 2), the State Court Record (ECF No. 5), and the Return of Writ (ECF No. 6). Although Magistrate Judge Vascura, to whom this case was originally referred, set a reply deadline of twenty-one days after the Return was filed (Order, ECF No. 3, PageID 103), that deadline expired April 6, 2026, and no reply has been filed.

## Litigation History

On September 29, 2022, a Franklin County Grand Jury indicted Petitioner on two counts of murder in violation of Ohio Revised Code § 2903.02. Prior to trial, the State dismissed the first charge of purposeful murder, and proceeded only on the remaining charge of felony murder that

accused Petitioner of causing Coleman's death "as a proximate result" of felonious assault, an offense of violence in violation of Ohio Revised Code § 2903.11. (Indictment, State Court Record, ECF No. 5, Ex. 1). A trial jury found Cummings guilty of that charge and he was sentenced to imprisonment for fifteen years to life. *Id.* at Ex. 7.

With new counsel, Cummings appealed to the Ohio Tenth District Court of Appeals pleading four assignments of error. The Tenth District affirmed. *State v. Cummings*, 260 N.E.3d 1 (Ohio App. 10th Dist., Dec. 31, 2024). The Ohio Supreme Court denied Cummings' motion for delayed appeal. *State v. Cummings*, 181 Ohio St.3d 1404 (2026). Cummings filed a petition for post-conviction relief which the trial court denied (Entry, State Court Record, ECF No. 5, Ex. 14) and Cummings did not appeal.

Cummings filed his Petition in this Court by placing it in the prison mailing system on December 30, 2025. He pleads the following grounds for relief:

> **Ground One**: Petitioner was denied the effective assistance of counsel, contrary to his rights guaranteed by the sixth and fourteenth amendment.
>
> **Supporting Facts:** Trial counsel rendered ineffective asst. because he allowed Dr. Caplan to base most of his evidence as opinion & not rebuttal with his own expert. 2). Trial counsel failed to cross-examine in a particular line of questioning. 3). Appellant was prejudiced by his trial counsel stipulation as to his identity. 4). Trial counsel was unprepared because he had not seen the video.
>
> **Ground Two**: Trial counsel erred and thereby, deprived Petitioner of due process of law guaranteed by fifth, sixth, & fourteenth amend.
>
> **Supporting Facts:** Petitioner's due process of law was deprived because Coleman was healing and though his passing was tragic, it was his family who ultimately made the final decision to end Colman's life. Though Coleman may had to live the rest of his life

> mentally deficient, it comes down to he would be alive. His family terminated his life.
>
> **Ground Three**: Conviction was against the manifest weight of the evidence.
>
> **Supporting Facts:** Coleman was punched once and slapped 3-4 times. Dr. Caplan, himself stated, he could not say for sure what caused Coleman's death.
>
> **Ground Four**: Trial court erred when it failed to instruct the jury on defense of another & a lesser include offense of manslaughter.
>
> **Supporting Facts:** Petitioner's actions contributed to Coleman's injury but was not directly the cause. The state argues Petitioner's first punch rendered Coleman unconscious, but Petitioner was drunk himself. How was he to know Coleman was unconscious. Petitioner did not leave the scene at no time.

Petition, ECF No. 2.

## Analysis

### Ground One: Ineffective Assistance Of Trial Counsel

In his First Ground for Relief, Cummings claims he received ineffective assistance of trial counsel in four particulars (1) failure to rebut the State's expert witness, Dr. Caplan, with a defense expert, (2) failure to pursue a particular line of cross-examination, (3) stipulating to his client's identity, and (4) failure to prepare in that he had not seen "the video".

Effective assistance of counsel is guaranteed to criminal defendants by the Sixth Amendment to the United States Constitution. The governing standard for ineffective assistance

of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Under Ohio law, there are two possible remedies for ineffective assistance of trial counsel. Those claims which can be adjudicated on the appellate record must be raised on direct appeal or be barred by *res judicata*. Conversely, those claims which depend on facts outside (*dehors*) the appellate record must be presented by post-conviction petition under Ohio Revised Code §

2953.21.

Cummings raised ineffective assistance of trial counsel as his first assignment of error on direct appeal and the Tenth District decided it as follows:

> ¶ 37} Finally, we address the first assignment of error wherein appellant maintains he was denied the effective assistance of counsel.
>
> {¶ 38} To prevail on a claim of ineffective assistance of counsel, a defendant "must satisfy a two-prong test." *State v. Stewart*, 10th Dist. No. 18AP-496, 2020-Ohio-1245, 2020 WL 1531442, ¶ 11. A defendant first "must demonstrate that his trial counsel's performance was deficient." *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Bradley*, 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373 (1989). A defendant then "must establish that the deficient performance prejudiced his defense." *Id.*, citing *Strickland* at 687, 104 S.Ct. 2052, and *Bradley* at 141-42, 538 N.E.2d 373.
>
> {¶ 39} Appellant cites four deficiencies in the performance of his trial counsel. First, appellant argues his counsel's failure to call an independent expert to testify constituted ineffective assistance of counsel. To appellant, an independent expert could have provided an opportunity to raise some novel, unspecified defense. However, "[t]he decision whether to call a witness is generally a matter of trial strategy." *State v. J.M.*, 10th Dist. No. 14AP-621, 2015-Ohio-5574, 2015 WL 9595417, ¶ 32, citing *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, 2013 WL 3808173, ¶ 40. With so many factors at play in constructing a defense in a jury trial, appellate courts are not well-positioned to scrutinize defense counsel's decision about whether to call an independent expert. For example, perhaps defense counsel in this case determined that prolonged focus on the severe injuries inflicted by his client would gain no favor among the jury. Defense counsel may have calculated it better to raise doubts about causation, an essential element of the felony murder charge, than to continually remind the jury of the gory consequences of his client's actions that night. Even worse, appellant's brief fails to specify what this hypothetical competing expert might have called into question about Dr. Caplan's testimony. Regardless of whether one trial strategy might have proven more effective than another, "[t]he failure to call an expert witness and instead rely on cross-examination does not constitute ineffective assistance of counsel." *Roush* at ¶ 40, citing *State v. Samatar*, 152 Ohio App.3d 311, 2003-Ohio-1639, 787 N.E.2d 691, ¶ 90 (10th

Dist.), citing *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001).

{¶ 40} Second, appellant argues his defense counsel's cross-examination of Dr. Caplan was not effective. However, "[t]he extent and scope of cross-examination clearly fall within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 146. "[A]n appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage, or not engage, in a particular line of questioning on cross-examination." (Internal quotations omitted.) *State v. Burns*, 10th Dist. No. 23AP-336, 2024-Ohio-1669, 2024 WL 1886806, ¶ 39, quoting *State v. Dorsey*, 10th Dist. No. 04AP-737, 2005-Ohio-2334, 2005 WL 1119613, ¶ 22, quoting *In re Brooks*, 10th Dist. No. 04AP-164, 2004-Ohio-3887, 2004 WL 1631760, ¶ 40. Appellant's conclusory challenge to his defense counsel's cross-examination of Dr. Caplan is thus entirely without merit.

{¶ 41} Third, appellant questions his trial counsel's decision to stipulate to appellant's identity in the video footage. The evidence presented overwhelmingly identified appellant as one of Coleman's attackers—so corroborated by the surveillance footage, the cell phone video, and the testimony of multiple witnesses. Furthermore, even if this stipulation as to appellant's identity was somehow deficient performance, "[t]he burden is on the defendant to establish that he was prejudiced" by the stipulation. *State v. Royal*, 8th Dist. No. 93903, 2010-Ohio-5235, 2010 WL 4292036, ¶ 17, citing *Bradley* at paragraph one of the syllabus. Appellant failed to show any prejudice, and defense counsel's stipulation as to appellant's identity therefore did not constitute ineffective assistance of counsel.

{¶ 42} Fourth, appellant claims his trial counsel failed to examine all the evidence in preparation for trial. This allegation stems entirely from defense counsel's statement to the trial court in a sidebar, out of the jury's earshot, that he was not sure what portion of the body-worn camera footage the state was about to present to the jury. Defense counsel wanted to ensure the clip did not contain any impermissible hearsay. Any reasonable interpretation of the record in this case would find defense counsel merely wanted to be certain that an upcoming video to be played to the jury—the state's chosen clip taken from the full-length video—would not contain inadmissible statements detrimental to his client. Defense counsel's

> sidebar comment did not constitute deficient performance, and, regardless, appellant failed to show any resulting prejudice.
>
> {¶ 43} On review of the record before us, we find no ineffective assistance of counsel. Accordingly, we overrule appellant's first assignment of error.

*State v. Cummings, supra.*

Thus the ineffective assistance of trial counsel claims presented to the Tenth District are the same claims presented here and the Tenth District decided them on the merits. However, Cummings procedurally defaulted on this ground for relief by not pursuing a timely appeal to the Ohio Supreme Court.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). Federal courts deem that a petitioner has failed to exhaust *his* state court remedies, thus precluding a writ of habeas corpus, where "(1) there is a state procedural rule that is applicable to the claim, (2) the petitioner failed to comply with the rule, (3) the state courts routinely enforce the rule, and (4) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim ." *Whitman v. Gray,* 103 F.4th 1235, 1238 (6th *Cir.* 2024).

Ohio has a clearly applicable rule: a notice of appeal from a decision of a district court of appeals must be filed within forty-five days of the appellate court's decision. Ohio Sup. Ct. R. 6.01(A)(1). Cummings did not follow that rule and the Supreme Court held his failure against him by denying him a delayed appeal. Time limits for filing are an adequate and independent state rule which are entitled to deference in this case. Cummings has offered no excusing cause and prejudice. Accordingly, his First Ground for Relief should be dismissed as procedurally defaulted.

Alternatively, if this Court were to reach the merits, it should defer to the Tenth District's decision on the merits. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*,

562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Cummings has made no showing that the Tenth District's decision on the merits of his ineffective assistance of trial counsel claim is contrary to or any objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his Second Ground for Relief, Cummings asserts he received ineffective assistance of trial counsel when his attorney did not argue that it was the victim's family who terminated his life instead of Cummings. This claim was never raised in the Tenth District and is therefore procedurally defaulted.

**Ground Three: Conviction Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Cummings asserts his conviction is against the manifest weight of the evidence.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Cummings Third Ground for Relief should therefore be dismissed for failing to state a claim upon which habeas corpus relief can be granted.

**Ground Four: Jury Instruction Error**

In his Fourth Ground for Relief, Cummings asserts the trial court erred when it failed to instruct the jury on defense of another and a lesser included offense of manslaughter. Cummings raised these two claims as his Fourth Assignment of Error on direct appeal and the Tenth District decided it as follows:

> {¶ 29} Appellant's fourth assignment of error contends the trial court erred in failing to instruct the jury on defense of another and the lesser-included offense of involuntary manslaughter.
>
> {¶ 30} "[A]n appellate court reviews a trial court's refusal to instruct the jury on a lesser-included offense under the abuse of discretion standard." *State v. Ferrell*, 10th Dist., 2020-Ohio-6879, 165 N.E.3d 743, ¶ 32, citing *State v. Coleman-Muse*, 10th Dist. No. 15AP-566, 2016-Ohio-5636, 2016 WL 4590151, ¶ 8. A trial court is required to instruct the jury on a lesser-included offense "only where the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction upon the lesser included offense." (Internal quotations omitted.) *State v. Spirnak*, 10th Dist. No. 19AP-261, 2020-Ohio-6838, 2020 WL 7631683, ¶ 46, quoting *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 192, quoting *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.
>
> {¶ 31} To prove the trial court erred in omitting a lesser-included offense from the jury instructions, appellant must show the evidence would reasonably support an acquittal on the charged felony murder count. In order to acquit appellant of felony murder, the jury would have had to determine appellant did not knowingly cause serious physical harm to Coleman. *See* R.C. 2903.11(A)(1) and 2903.02(B).

Given the overwhelming strength of the evidence against appellant, however, the only reasonable conclusion was that appellant acted knowingly. As already discussed, the extent of the harm appellant inflicted on Coleman was not merely the result of one punch in a drunken bar fight. Appellant's initial punch knocked Coleman unconscious, and both he and Foster proceeded to strike Coleman's defenseless head. On this evidence, a jury would have no sensible choice but to find appellant acted knowingly and so find him guilty of felony murder. In other words, a lesser charge with a lesser mens rea would not be credible due to the incontrovertible evidence that appellant acted knowingly. The trial court, therefore, did not abuse its discretion in denying defense counsel's request to instruct the jury on the lesser-included offense of involuntary manslaughter.

{¶ 32} Next, appellant argues the trial court erred in denying his request to instruct the jury on defense of another. "[A] requested jury instruction should be given if it is a correct statement of law and applicable to the facts of the case, and if reasonable minds might reach the conclusion sought from the requested instruction." *State v. Cameron*, 10th Dist., 2024-Ohio-2427, 246 N.E.3d 1055, ¶ 20, citing *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240. "Defense of another is a variation of self-defense." *State v. Moss*, 10th Dist. No. 05AP-610, 2006-Ohio-1647, 2006 WL 832581, ¶ 13. As with self-defense, a claim of defense of another involves two distinct evidentiary burdens. *See Cameron* at ¶ 22, citing *State v. Palmer*, 174 Ohio St.3d 561, 2024-Ohio-539, 238 N.E.3d 33, ¶ 17-19. "First, the defendant must satisfy his burden of production, meaning the trial evidence must ' "tend[ ] to support" '—or be legally sufficient to establish—defendant's contention that he used the force in self-defense" or in the defense of another. *Id.* at ¶ 23, quoting *Palmer* at ¶ 15, quoting R.C. 2901.05(B)(1). The defendant satisfies this burden if the evidence presented "would allow a rational trier of fact to find all the elements of a self-defense claim when viewed in the light most favorable to the defendant." (Internal quotations omitted.) *Id.*, quoting *Palmer* at ¶ 20, quoting *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, 216 N.E.3d 653, ¶ 25. Once the trial court determines the defendant met this burden of proof, the burden shifts to the state to disprove an element of self-defense or defense of another beyond a reasonable doubt. *Id.* at ¶ 24, citing *Palmer* at ¶ 17-19, *Messenger* at ¶ 18-24, *State v. Knuff*, 175 Ohio St.3d 82, 2024-Ohio-902, 239 N.E.3d 259, ¶ 191, and *State v. Carney*, 10th Dist. No. 19AP-402, 2020-Ohio-2691, 2020 WL 2042924, ¶ 31. The state's burden of persuasion, however, "is not triggered until the defendant produces 'legally sufficient evidence' for every self-defense element." *Id.*, quoting *Messenger* at ¶ 19, 25.

{¶ 33} In this case, the trial court declined to issue a jury instruction on defense of another because it found appellant failed to meet his initial burden of production. On appeal, we view the evidence in a light most favorable to appellant and determine whether such evidence could convince a jury, beyond a reasonable doubt, that appellant was acting in defense of another. *Id.* at ¶ 26, citing *Palmer* at ¶ 21, citing *Messenger* at ¶ 25-26. We review a trial court's denial of a requested jury instruction for an abuse of discretion. *Id.* at ¶ 27, citing *Palmer* at ¶ 16.

{¶ 34} “An actor is legally justified in using force only when the person he is aiding would have been justified in using force to defend him or herself.” *State v. Betliskey*, 8th Dist. No. 101330, 2015-Ohio-1821, 2015 WL 2250470, ¶ 26, citing *State v. Wilson*, 2d Dist. No. 22581, 2009-Ohio-525, 2009 WL 282079, ¶ 38. Appellant was entitled to a defense-of-another jury instruction if he proved: (1) appellant and Foster were not at fault in instigating the fracas; (2) appellant reasonably believed they were in imminent danger of death or great bodily harm and could escape only by employing deadly force; and (3) appellant and Foster did not violate a duty to retreat. *See Cameron* at ¶ 31, quoting *Palmer* at ¶ 23, quoting *Messenger* at ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002). Regarding the third element, Ohio law dictates a person has no duty to retreat prior to resorting to the use of defensive force “if that person is in a place in which the person lawfully has a right to be.” (Internal quotations omitted.) *Id.*, quoting *Palmer* at ¶ 23, quoting R.C. 2901.09(B).

{¶ 35} It is evident from the record before us the trial court did not err in denying appellant's request to instruct the jury in defense of another. Appellant claimed his attack of Coleman was in defense of Foster, but that story belies the facts. However unpleasant Coleman's words may have been to appellant and his friends, Foster played a role in intensifying the conflict. Multiple witnesses confirmed they saw Foster square up for a fight with Coleman—not exactly the sort of behavior that indicates an effort to avoid the altercation. It is implausible in this case that appellant believed Foster was in imminent danger of death or great bodily harm which could be avoided only by use of deadly force. *See id.* at ¶ 31, quoting *Palmer* at ¶ 23, quoting *Messenger* at ¶ 14, quoting *Barnes* at 24, 759 N.E.2d 1240. Under any reasonable interpretation of the facts, a jury could not find that self-defense or defense of another justified appellant's actions. Because appellant so plainly failed to meet his burden of production before the trial court, the burden never shifted

> to the state to disprove his claims. The trial court thus did not abuse its discretion in refusing to instruct the jury on defense of another.
>
> {¶ 36} Accordingly, we overrule appellant's fourth assignment of error.

*State v. Cummings, supra.*

Whether or not Cummings was entitled to the requested jury instructions depends on evaluation of the record evidence. Having made that review, the Tenth District determined that the facts presented at trial did not justify either instruction under Ohio law. Cummings has presented no U.S. Supreme Court precedent to the contrary. Therefore Ground Four should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 9, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under

Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.